# CHARLESTON.

BOYLES v. REASER *et als.*

Submitted April 17, 1917.   Decided April 24, 1917.

ASSUMPSIT, ACTION OF—*Implied Promise—Value of Property.*

Where property of one has been purchased by another, or appropriated by him under circumstances from which the law will imply a promise on his part to pay for the same, and the evidence thereof is clear and convincing, and he offers no evidence to the contrary, the owner is entitled to recover the price or value of the property, and the judgment of the trial court on the verdict of the jury denying him this right will on writ of error be reversed and a new trial awarded him.

Error to Circuit Court, Pleasants County.

Action by Samuel Boyles against Walter Reaser and others. Judgment for defendants, and plaintiff brings error.

*Judgment reversed, verdict set aside, new trial awarded.*

*Craig & Wells,* for plaintiff in error.

*Conley & Johnson,* for defendants in error, John McFarland and others.

*McCluer & McCluer,* for defendants in error C. W. Niswander, Conrad Getz and K. Snodgrass.

MILLER, JUDGE:

Boyles sued Reaser and others, as mining partners, in assumpsit, to recover the price or value of some 6¼ inch cas

ing, valued at $350.00, and a part of a drilling rig furnished by him to drill an oil and gas well known as Eddy Well No. 1, valued at $137.50, and also for the use of 400 feet of 8¼ inch casing, and for certain hauling.

Besides non-assumpsit defendants tendered a plea in abatement, which was rejected because tendered too late; and some of said defendants also filed another special plea in writing alleging that the debt due plaintiff, if any, was the debt of Niswander-Goetz Oil and Gas Company, a corporation, and not of any of the defendants individually, but neither upon the issue on their plea nor upon any other issue did the defendants offer any evidence.

On the trial below plaintiff declined, and the court refused to require him, to join in defendants' demurrer to the evidence; and on submission of the same to the jury, the jury returned a verdict for defendants, which the court, on motion of plaintiff, refused to set aside, and pronounced the judgment of nil capiat complained of.

One contention of the plaintiff is that the verdict should have been set aside because not responsive to the issue joined on the special plea, but upon which no proof was offered, and that the jury must have been confused thereby, and induced to return the adverse verdict. We do not think there is any merit in this contention. Besides, plaintiff could easily have prevented any such confusion or misconception of the jury by a proper instruction, if asked, but which was not done.

The other point of error is that the verdict is contrary to the law and the evidence, and should have been set aside and a new trial awarded.

Plaintiff proved by his own and the evidence of other witnesses to the transaction, that upon the guaranty of the return of the material, by Wiley, one of the defendants, representing himself and the other defendants, or claiming to do so, he loaned or rented said property, at a certain rental specified, to one Newell, the contractor, who drilled the well; that the well was completed by Newell according to the contract, and he was fully paid therefor the contract price; that it was a part of the agreement between the contractor and owners, through defendant Reaser, that if the well

oil or gas well, and the owners desired it they should have the right to purchase the 6¼ inch casing and the oil well rig, and that plaintiff then or subsequently agreed to this arrangement, and after the well was completed, and was a producing well, defendants acting through Wiley or Reaser, or both, agreed with plaintiff on the price of $137.50 for the rig, and $350.00 for the 6¼ inch casing, that this property afterwards remained in or at the well and was never paid for or returned to him by defendants or the contractor.

It is not denied but admitted that the contractor agreed to furnish the rig and casing as part of his contract, and of course plaintiff was not entitled to recover for the use or hauling thereof. Defendants did not undertake to deny or explain their retention of the property, and the use thereof made by them. So there is no room for the application of the legal principles governing jury verdicts much relied on by the defendants to support the judgment. We think the evidence makes a clear prima facie case of an agreement on the part of the owners through the only members of the company active in the management thereof, that they were to take and pay for the rig and casing at the prices mentioned, and that without proof of any express promise the facts proven imply a promise binding the owners to pay plaintiff what the property was reasonably worth, and that he was entitled to a verdict therefor.

We are, therefore, of opinion to reverse the judgment, set aside the verdict, and award the plaintiff a new trial.

*Reversed, verdict set aside, new trial awarded.*